UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

KESHA HOLMES, on behalf of herself
and others similarly situated,

CASE NO.:

    Plaintiff,

v.

ABNS GROUP, LLC, a Florida Limited
Liability Company,

    Defendant.
_____/

## **COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KESHA HOLMES ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, ABNS GROUP, LLC, a Florida Limited Liability Company (hereinafter referred to as "Defendant"), on behalf of herself and others similarly situated, for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").

## **JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

5. At all times material hereto, Defendant was and continues to be a business operating in Broward County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continue to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times relevant hereto, Defendants were primarily engaged in the design and production of children's toys.

14. At all times relevant hereto, Defendants had more than two employees.

15. At all times material hereto, Defendants had two (2) or more employees handling,

2

selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

16. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

17. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

19. The representative class Plaintiff seeks to represent is defined as: "Any and all hourly plus commission paid employees who worked for Defendant during the last three (3) years, who worked in excess of forty (40) hours per week, and did not: (a) have all hours properly recorded and calculated for purposes of paying time and one half compensation under the FLSA; and (b) have their commissions included within their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

## STATEMENT OF FACTS

20. Plaintiff worked as a non-exempt customer service representative for Defendant from January 25, 2016, until her separation of employment on August 22, 2016.

21. During her employment, Plaintiff handled phone interviews with prospective college students.

22. After determining the student's interests and qualifications, Plaintiff would then transfer the call to the appropriate school.

23. As compensation for these duties, Ms. Holmes was paid $10.00 per hour, with an

additional $2.00 for every call transferred.

24.     At various times during her employment, Plaintiff, and others similarly situated, worked in excess of forty (40) hours per week.

25.     Defendant, during those overtime weeks, only paid Plaintiff overtime at $15.00 per hours, but failed to include her $2.00 commission per call into any overtime premium pay which violates the FLSA. *See* 29 C.F.R. §778.117. *See* Exhibit A.

26.     Additionally, Plaintiff and others similarly situated, were only paid for her/their time logged on the phone system and not their actual hours worked.

27.     To that end, time spent in trainings, meetings, or waiting in the office during phone outages was not recorded as time worked, either.

28.     Defendant's practice in this regard resulted in the underpayment of overtime to Plaintiff and others similarly situated, as they were not compensated time and one half the appropriate rate for all hours worked.

29.     The FLSA requires an employer to keep and maintain accurate records of all hours worked for each employee. *See* 29 C.F.R. § 516.2.

30.     Based on the foregoing, during the relevant limitations period, Defendant failed to compensate Plaintiff, and all others similarly situated, at a rate of one and one-half times Plaintiff's/their regular rate for all hours worked in excess of forty (40) hours in a single work week.

31.     Plaintiff and all others similarly situated, should be compensated at the rate of one and one-half times Plaintiff's/their regular rate for those hours that Plaintiff/they worked in excess of forty (40) hours per week, as required by the FLSA.

32. Defendant violated Title 29 U.S.C. §207 in that:

   a. Plaintiff and all others similarly situated worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff/class members at the appropriate statutory rate of one and one-half times Plaintiff's/their regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

33. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

34. Prior to filing this lawsuit, Plaintiff sent Defendant a demand letter in an effort to resolve this matter without litigation.

35. Despite clear evidence of FLSA violations (*see* Exhibit A), Defendant responded back advising Plaintiff and her counsel that Defendant wished to "fight this case in court." Plaintiff is therefore obliging Defendant in this regard.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

36. Plaintiff re-alleges and reavers paragraphs 1 through 35 of the Complaint, as if fully set forth herein.

37. During her employment, Plaintiff, and others similarly situated, worked in excess of the forty (40) hours in one or more workweeks, for which Plaintiff/they was/were not

compensated at the statutory rate of one and one-half times Plaintiff's/their regular rate of pay.

38. Plaintiff and all similarly situated class members was/were and is/are entitled to be paid at the statutory rate of one and one-half times Plaintiff's/their regular rate of pay for those hours worked in excess of forty (40) hours.

39. At all times material hereto, Defendant failed and continue to fail to maintain proper time records as mandated by the FLSA.

40. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff and the similarly situated class members, at the statutory rate of one and one-half times Plaintiff's/their regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

41. Defendant failed to properly disclose or apprise Plaintiff and similarly situated class members of her/their rights under the FLSA.

42. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and similarly situated class members suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43. Plaintiff and the putative class are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and

    practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff and all similarly situated class members overtime compensation in the amount due to her/them for time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff and all similarly situated class members liquidated damages in an amount equal to the overtime award;

d. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Conditionally certifying a class as described above;

f. Awarding Plaintiff pre-judgment interest; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: August 28, 2017.

              Respectfully submitted,

              By: _____
              Noah E. Storch, Esquire
              Florida Bar No. 0085476
              Email: noah@floridaovertimelawyer.com
              Richard Celler, Esquire
              Florida Bar No. 00173370
              Email: richard@floridaovertimelawyer.com
              RICHARD CELLER LEGAL, P.A.
              7450 Griffin Road, Suite 230
              Davie, Florida 33314
              Telephone: (866) 344-9243

Facsimile: (954) 337-2771

*Attorneys for Plaintiff*

# EXHIBIT A

**ESHA HOLMES**      **ABNS Group, LLC**      1700 NW 66Th Ave Suite 107/112
Plantation, FL 33313  954-607-1990

| pany | Period Begin | Division |
|---|---|---|
| 521 | 6/4/2016 | |
| ber | Period End | Branch |
| HOLK | 6/17/2016 | |
| al Security # | Check Number | Department |
| | -99984797 | 800 |
| Date | Check Date | Team |
| 5/2016 | 6/24/2016 | |

### Earnings

| cription | Location / Job | Rate | Hours/Pieces | Current | Year To Date |
|---|---|---|---|---|---|
| ular | 1/1/800 | 10.00 | 80.00 | 800.00 | 7290.40 |
| rtime 1.5 | 1/1/800 | 15.00 | 0.23 | 3.45 | 3.45 |
| J | 1/1/800 | 10.00 | 0.00 | 392.00 | 3932.00 |
| | | | 80.23 | 1195.45 | 11225.85 |

### Deductions

| Description | Current | Year To Dat |
|---|---|---|
| Fed (S/3) (1080.63) | 61.18 | 55? |
| OASDI (1080.63) | 67.00 | 66? |
| Medicare (1080.63) | 15.67 | 15( |
| Med 125 | 105.91 | 42? |
| Dental 125 | 7.81 | 3? |
| Vision 125 | 1.10 | |
| Checking 86256XXXX | 936.78 | 938! |
| **Total Deductions** | 1195.45 | 11225 |
| **Check Amount** | 0.00 | |

al Earnings    936.78 | **Total Direct Deposits**    936.78

**T PAY**

---

**DO NOT ACCEPT THIS CHECK** without confirming presence of Artificial Watermark on back. Other security features are listed on back.

Chase

**ABNS Group, LLC**
1700 NW 66Th Ave
Suite 107/112
Plantation, FL 33313

**Check Date 6/24/2016**     **Check Number  Memo**

ay **No Dollars and No Cents**

$************

'o the Order of:
    800      HOLK -99984797   PAY ONLY 00 CTSCTS

**KESHA HOLMES**
700 NW 9TH CT
HALLANDALE, FL 33009

NON NEGOTIABLE

Authorized Signature